UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JAMES CURRY,

     Plaintiff,

v.                                            Case No.:  2:24-cv-802-SPC-DNF

AUBREY THORNE and LUIS
MORAN-GODINEZ,

     Defendants.

_____/

## **OPINION AND ORDER**

Before the Court is Defendant Aubrey Thorne's Motion to Dismiss Plaintiff's Complaint.  (Doc. 32).

## **Background**

Plaintiff Alexander James Curry is a prisoner of the Florida Department of Corrections, and he sues two correctional officers under 42 U.S.C. § 1983 and the Eighth Amendment.  The Court previously granted in part Defendant Luis Moran-Godinez's Motion to Dismiss.  (Doc. 25).  Defendant Thorne now moves to dismiss, raising Eleventh Amendment and qualified immunity and arguing that Curry fails to state a claim against him.  (Doc. 32).  The Court recounts the factual background as pled in the Complaint, which it must take as true to decide whether Curry states a plausible claim.  *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On September 5, 2022, Curry was using the phone when Thorne and Moran-Godinez entered the wing to begin mid-day count. (Doc. 1 at 2). Thorne told Curry, "Hang up the fucking phone." (*Id.*) Curry complied and asked why Thorne was cussing at him. (*Id.*) Thorne grabbed Curry, slammed his face into the wall, and told Curry to "shut the fuck up" and go to his cell. (*Id.* at 2-3). On the way to his cell, Curry realized he was bleeding from his eyebrow and told Thorne he wanted to talk to the officer in charge. (*Id.* at 3).

Thorne and Moran-Godinez came to Curry's cell and—unprovoked—sprayed him in the face with chemical agents. (*Id.*) After Curry submitted to hand restraints, Thorne escorted him to the vestibule and called for assistance. (*Id.*) During the escort, Thorne told Curry he would not receive a disciplinary report if he kept his mouth shut. (*Id.*) Curry also accuses the defendants of falsifying documents to cover up their use of force. (*Id.*)

Curry claims he suffered a facial injury with permanent scarring and mental and emotional trauma. (*Id.* at 2). He seeks $20,000 in compensatory damages and $100,000 in punitive damages. (*Id.*)

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings

adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Curry is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by

attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

### A.    Pleading Sufficiency

Curry alleges that the defendants used excessive force against him in violation of the Eighth Amendment. The core judicial inquiry for an excessive-force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). A prisoner asserting an excessive-force claim must establish two elements: "the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

4

Curry adequately alleges that Thorne used excessive force by slamming his face into a wall.  Curry claims that when mid-day count began, Thorne told him to "[h]ang up the fucking phone." (Doc. 1 at 2).  Curry complied and asked Thorne "why he was cussing at [him]." (*Id.*)  Thorne then grabbed Curry, slammed his face into the wall, and told him to "shut the fuck up." (*Id.* at 2-3).  The face-slamming caused a "gash" to open above Curry's right eye. (*Id.* at 2).  Taken as true, these allegations are sufficient to plead that Thorne applied force "sadistically and maliciously . . . for the very purpose of causing harm," and that the use of force was "harmful enough" to violate the Eighth Amendment.  *Sconiers*, 946 F.3d at 1265.

Curry likewise states an excessive-force claim against Thorne based on the use of pepper spray.  He alleges that Moran-Godinez and Thorne, without provocation, sprayed chemical agents in his face, where he had an open, bleeding wound. (Doc. 1 at 3).  This allegation plausibly suggests that the defendants sprayed Curry with chemicals "sadistically and maliciously . . . for the very purpose of causing harm." *Sconiers*, 946 F.3d at 1265.  Moreover, "where chemical agents are used unnecessarily, without penological justification, or for the very purpose of punishment or harm, that use satisfies the Eighth Amendment's objective harm requirement." *Thomas v. Bryant*, 614 F.3d 1288, 1311 (11th Cir. 2010).  Thus, Curry adequately alleges that the

pepper spraying was "harmful enough" to violate the Constitution. *Sconiers*, 946 F.3d at 1265.

### B.     Eleventh Amendment Immunity

Thorne argues that the Eleventh Amendment bars Curry from suing him in his official capacity. (Doc. 32 at 4-5). As the Court previously explained, it is unclear whether Curry sues the defendants in their official capacities. (Doc. 25 at 5). But the Court sees no harm in clarifying that the Eleventh Amendment bars him from doing so here. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Id.* at 663. "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* Congress has

6

not abrogated Florida's immunity and Florida has not waived its Eleventh Amendment immunity. *See Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). Therefore, Curry cannot sue the defendants for monetary damages in their capacity as state officials.

### C.   Qualified Immunity

Finally, Thorne argues that qualified immunity bars Curry's claim against him. (Doc. 32 at 5-6). "Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Snorton v. Owens*, 808 F. App'x 814, 820 (11th Cir. 2020). An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. The burden then shifts to the plaintiff to show: (1) the official violated a federal statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation. *Id*. at 820-21. The defendants were clearly acting within the scope of their discretionary authority when they used force on Curry.

"A federal right is 'clearly established' when 'at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he was doing is unlawful.'" *Anderson v. Vazquez*, 813 F. App'x 358, 360 (11th Cir. 2020) (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018)). "In other words, existing law must have placed the constitutionality

of the officer's conduct beyond debate." *Wesby*, 132 S. Ct. at 589 (internal quotations omitted). To show that a legal principle is clearly established, a plaintiff must produce precedent "clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.*

As explained above, Curry adequately alleges that Thorne violated his Eighth Amendment right to be free from excessive force. So the question is whether the unlawfulness of Thorne's actions was clearly established at the time. It was. When the incident occurred, it was clearly established that "the unjustified use of excessive force by a prison guard against an inmate" violates the Eighth Amendment. *Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991). It was also clearly established that using chemical agents on a prisoner who is fully secured in his cell and not presenting a threat violates the Eighth Amendment if there is no penological justification. *Thomas*, 614 F.3d at 1311. Curry claims that—without provocation and for no legitimate penological purpose—Thorne slammed his face into a wall and pepper sprayed him in his cell. Accepting these allegations as true, Thorne is not entitled to qualified immunity.

Accordingly, it is

**ORDERED:**

8

1.      Defendant Aubrey Thorne's Motion to Dismiss Plaintiff's Complaint (Doc. 32) is **GRANTED in part and DENIED in part**.

2.      Curry's official-capacity claims are **DISMISSED**.

3.      Thorne must answer the Complaint within **14 days** of this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: TpaP-2
Copies:  All Parties of Record

9